IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALBERT BRADFORD,<br>ID # 25044489,<br>Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:26-CV-2388-B-BW |
| STATE OF TEXAS,<br>Respondent. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Based on the relevant filings and applicable law, the Court should **DISMISS** this habeas action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

## I. BACKGROUND

On July 20, 2026, the Court received a form petition for a writ of habeas corpus under 28 U.S.C. § 2254 from Albert Bradford, an inmate incarcerated at the Dallas County Jail. (*See* Dkt. No. 3.) On July 24, 2026, the Court entered a Notice of Deficiency and Order informing Bradford that he had not paid the $5.00 filing fee for a federal habeas action or submitted an application to proceed in forma pauperis ("IFP") with the required certificate of inmate trust account ("CTA") or comparable form. (*See* Dkt. No. 4 at 1.) The July 24 order required Bradford to, within 30 days, either pay the full filing fee or file an IFP application with a CTA. (*See id.*) With the

[1] By Special Order No. 3-251, this habeas case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 1.)

order, the Court provided the appropriate forms for filing an IFP application with a CTA. (*See* Dkt. No. 4-1.) The order further warned Bradford that failure to comply could result in the dismissal of the petition under Federal Rule of Civil Procedure 41(b). (*See* Dkt. No. 4 at 1.)

Over six weeks have passed since the deadline set forth in the Court's July 24 order expired, and Bradford has not paid the $5.00 filing fee, submitted a completed IFP application with CTA, or filed anything else in this case manifesting an intent to proceed with this action.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Further, a court's authority under Rule 41(b) is not diluted merely because a party proceeds pro se, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019).

Here, Bradford's failure to comply with the Court's July 24 order to pay the $5.00 filing fee or submit an IFP application with a CTA prevents this case from progressing beyond the initial filing of his form § 2254 petition. Accordingly, the

Court should exercise its inherent power to prevent undue delays in the disposition of pending cases and dismiss this action without prejudice under Rule 41(b).

## III. RECOMMENDATION

The Court should **DISMISS** this habeas action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and follow court orders.

**SO RECOMMENDED** on October 7, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).